IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA EUNICE REYES-VANEGAS,

Plaintiff,

v.

EEOC,

Defendant.
_______________________________/

No. C-07-02184 EDL

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Maria Eunice Reyes-Vanegas alleges her employer, the U.S. Equal Employment Opportunity Commission ("EEOC"), discriminated against her because of her disability, and harassed and retaliated against her for protesting discriminatory practices, between 1997 and November 2003 when she was terminated. Pursuant to 42 U.S.C. § 2000e-16 (Nondiscrimination in Federal Government Employment), Plaintiff first pursued her claims in the Office of Equal Opportunity of her employer, exhausting all appeals, and received a right-to-sue letter from the EEOC on September 11, 2006.[1] On April 20, 2007, Plaintiff filed a form employment discrimination complaint, an application to proceed in forma pauperis, and a request for appointment of counsel. Plaintiff has consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). Defendant has not been served; however, the Court does not require the consent of Defendant in order to dismiss this action because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 U.S. Dist. LEXIS 11640, *3, n.2 (N.D. Cal. June 29, 2000) (Spero, M.J.) (citing Neals v. Norwood,

---

[1] In this matter the EEOC was both the respondent agency and the adjudicating authority. The EEOC's adjudicatory function is separate and independent from those offices charged with the in-house resolution of discrimination complaints. See Denial, EEOC Appeal No. 01A34154 (Sept. 11, 2006), at n.1 (attached to Complaint).

59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)). For the reasons stated below, the complaint is dismissed with leave to amend. The application to proceed in forma pauperis and request for appointment of counsel are denied.

The Court may permit an individual to file an action in federal court without prepayment of fees when the Plaintiff has demonstrated his or her poverty. 28 U.S.C. § 1915(a)(1). Leave to proceed in forma pauperis is properly granted when the plaintiff has demonstrated his poverty and his complaint states a claim for which relief can be granted and is not frivolous or malicious. 28 U.S.C. § 1915(a), (d). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an in forma pauperis complaint which fails to state a claim. See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996); see also Tripati v. First National Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Title VII protects the rights of federal employees to oppose any "unlawful employment practice" enumerated in Title VII. 42 U.S.C. §§ 2000e-16 to 16(c). A federal employee's right to file an action based on discrimination in federal court is dependent on the employee's exhaustion of administrative remedies and adherence to strict filing deadlines. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-35 (1976); Kaanapu v. Potter, 51 Fed. Appx. 244, 247 (9th Cir. 2002) ("Federal regulations expressly require all federal employees to pursue their discrimination complaints within the Equal Employment Opportunity office of the federal agency that allegedly discriminated against them prior to filing in district court."). An action challenging the federal agency's final decision on appeal is within the subject-matter jurisdiction of the district court if a complainant files it within ninety days of receipt of the Commission's final decision on an appeal. See 42 U.S.C. § 2000e-5; 29 C.F.R. §§ 1614.105 and 1614.407. The ninety-day period constitutes a statute of limitations; and "[i]f [a] claimant fails to file within [the] 90-day period, the action is barred." Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990).

Here, according to the papers Plaintiff submitted with her Complaint, Plaintiff received her final decision on appeal around September 11, 2006. See Complaint (attaching decision). As required by law, the EEOC informed Plaintiff in the decision that she had ninety days from the date she received that decision to file a civil action. See id; see also 42 U.S.C. § 2000e-5(f)(1) (requiring that a complainant be provided notice of the ninety-day deadline). However, Plaintiff failed to file an action in federal court until April 20, 2007, well beyond the ninety-day statutory period. Accordingly, Plaintiff's claim is untimely and therefore fails to state a claim upon which relief may be granted. Although the Court sympathizes with Plaintiff's situation, the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (discussing Title VII's ninety-day filing period). The Court is required to dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996).

A court should only dismiss a complaint without leave to amend when the court can rule out "any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (citing Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999)). Dismissal of an action with prejudice is appropriate where a plaintiff fails to follow the "strict procedural requirements" of 29 C.F.R. § 1614.407(c). See Lal v. Henderson, 2004 U.S. Dist. LEXIS 5217, *4-5 (N.D. Cal. March 24, 2004) (Walker, C.J.) (dismissing complaint with prejudice because failure to file within ninety-day deadline cannot be cured by amendment). In Title VII matters, however, "the ninety-day filing period is a statue of limitation not a jurisdictional requirement and therefore, is subject to equitable tolling." Baldwin, 466 U.S. at 151; see also Scholar, 963 F.2d at 267 (9th Cir. 1992).

In deciding whether to apply equitable tolling to the ninety-day filing period, the court examines a number of factors including whether the claimant received adequate notice of the deadline, whether the opposing party engaged in misconduct, and whether the claimant acted diligently by attempting to file a timely complaint. See Baldwin, 466 U.S. at 151; Scholar, 963 F.2d at 268 (noting that the doctrine of equitable tolling "has been applied sparingly; for example ... when

the statute of limitations has not been complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate.").

Plaintiff's Complaint is silent as to the timing of her filing, and accordingly fails to provide any explanation that may justify an equitable tolling of the ninety-day deadline for filing of her Title VII action. Nor does Plaintiff allege that the actions of defendants prevented her from filing suit, which could raise a claim for equitable estoppel. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176, 1177 (9th Cir. 2000) (noting that equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit, whereas equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant). However, if granted leave to amend, Plaintiff may be able to bolster her Complaint with allegations sufficient to warrant the application of equitable tolling or equitable estoppel to extend the ninety-day limitations period.

Therefore, Plaintiff's Complaint is dismissed without prejudice. Within 30 days of this Order, Plaintiff may file an Amended Complaint, which must address her failure to file her claim in federal court within ninety days of the final agency decision.

Because this Court holds that Plaintiff's Complaint is dismissed, Plaintiff's application to proceed in forma pauperis and request for appointment of counsel are denied at this time without prejudice.

**IT IS SO ORDERED.**

Dated: July 6, 2007

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge