IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EUNICE REYES-VANEGAS,<br><br>    Plaintiff,<br><br>v.<br><br>EEOC,<br><br>    Defendant. | No. C-07-02184 EDL<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND AND DEFERRING REQUEST TO PROCEED IN FORMA PAUPERIS** |

    Before the Court is Plaintiff Maria Eunice Reyes-Vanegas' Amended Complaint and application to proceed in forma pauperis ("IFP") in this action. The Court may grant a litigant the privilege of proceeding IFP only when (1) the plaintiff has demonstrated his poverty and (2) her complaint states a claim for which relief can be granted and is not frivolous or malicious. 28 U.S.C. § 1915(a), (d). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an in forma pauperis complaint which fails to state a claim. See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996). In employment discrimination actions brought under Title VII, as here, an employee's right to file an action based on discrimination in federal court is dependent on the employee's exhaustion of administrative remedies and adherence to strict filing deadlines. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-35 (1976).

    The Ninth Circuit has stated that "a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment ." Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Accordingly, the Court previously permitted Plaintiff the opportunity to amend her complaint to bolster it with facts that could possibly warrant the application of the doctrine of equitable tolling. See July 9, 2007 Order. The Court is satisfied that Plaintiff has exhausted her administrative

remedies: Plaintiff first pursued her claims in the Office of Equal Opportunity of her employer, exhausting all appeals, and received a right-to-sue letter from the EEOC on September 11, 2006.[1] However, the Court continues to question whether Plaintiff's claim could be deemed properly filed within the strict ninety-day deadline mandated by the statute. See 42 U.S.C. § 2000e-5; 29 C.F.R. §§ 1614.105 and 1614.407 (an action challenging the federal agency's final decision on appeal is within the subject-matter jurisdiction of the district court if a complainant files it within ninety days of receipt of the Commission's final decision on an appeal); see also Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990) (the ninety-day period constitutes a statute of limitations; and "[i]f [a] claimant fails to file within [the] 90-day period, the action is barred.").

**Background**

Plaintiff received her right-to-sue letter on September 11, 2006. The deadline for filing a complaint was the first court day after the ninetieth day, or December 11, 2006. Plaintiff's case was opened much later, however, on April 20, 2007, when the Clerk's Office received a filing entitled "Employment Discrimination Complaint." See Doc. No. 1 ("Complaint"). The filing comprises the Court's form employment discrimination complaint and several attachments. The form complaint is filled out with handwritten information by Plaintiff, signed by her and dated April 19, 2007. Attached to the form, Plaintiff submitted several other documents: Plaintiff's EEOC complaint, dated March 4, 2002, the EEOC's Counselor's Report dated April 8, 2002, and supporting declarations from the EEOC file. In addition, the compilation includes a photocopy of a post-marked envelope sent from Plaintiff to the Clerk's Office, which has been stamped "received" by the Clerk's Office on December 11, 2006, and apparently returned to Plaintiff. On the envelope appears a sticky note, with the handwritten instruction: "you need to file a complaint along with the request for appt [appointment] of counsel." The next document in the compilation is Plaintiff's September 11, 2006 right-to-sue letter, followed by a handwritten filing entitled "Request for Appointment of

---

[1] In this matter the EEOC was both the respondent agency and the adjudicating authority. The EEOC's adjudicatory function is separate and independent from those offices charged with the in-house resolution of discrimination complaints. See Denial, EEOC Appeal No. 01A34154 (Sept. 11, 2006), at n.1 (attached to Complaint).

2

1 Counsel," a memorandum from the Clerk's Office entitled "Filing New Complaints," and finally, a
2 March 16, 2001 cover letter from the EEOC to Plaintiff which states that the EEOC had received her
3 formal EEO complaint and was forwarding to her the EEOC's Counselor's Report.  This
4 compilation of documents was filed together as Plaintiff's Complaint on April 20, 2007.

5 Plaintiff has not provided a clear explanation as to the contents of the submission received by
6 the Clerk's Office on December 11, 2006, the deadline for filing an appeal from the EEOC decision.
7 One reasonable interpretation of the documents is that, on the first court day after the ninetieth day,
8 December 11, 2006, the Clerk's Office received by mail only Plaintiff's "right-to-sue letter," and
9 perhaps also the EEOC documents, along with a request for appointment of counsel.  Because
10 Plaintiff failed to file something the Clerk's Office could recognize as a "complaint," the Clerk's
11 Office did not open a court file at that time.  See Fed.R.Civ.P. 3 ("An action is commenced by filing
12 a complaint with the court.").  Instead, given that Plaintiff was in possession of the envelope she
13 mailed to the Clerk's Office, it appears that the Clerk's Office mailed the papers back to Plaintiff,
14 with a handwritten note stating: "you need to file a complaint along with the request for appt
15 [appointment] of counsel."  It is probable that the Clerk's Office also sent Plaintiff the memorandum
16 entitled "Filing New Complaints" at that same time.  However, Plaintiff has not discussed this note,
17 or how she received it, or whether Plaintiff filed some other document that constituted a complaint
18 before the December 11, 2006 deadline.  The Court is reluctant, however, to draw inferences about
19 these documents without any further explanation from Plaintiff.

20 On August 6, 2007, the deadline for filing her Amended Complaint, Plaintiff submitted a
21 compilation entitled "Amended Complaint."  In that compilation, Plaintiff included a letter to the
22 Court explaining, inter alia, that she "was in [the Clerk's] office prior to the ninety-day time
23 limitation and [she] was handed a form and was informed that subsequent to submitting the form
24 accompanied by my right-to-sue letter I would be able to file my complaint and the court would then
25 reply."  See Second Amended Complaint, at 1 (August 6, 2007 Letter to the Court).  Plaintiff further
26 explains that she is attaching to the letter a copy of that form and a copy of the envelope that she
27 received in the Clerk's Office.  Id.  In addition, Plaintiff states that when she went back to the
28 Clerk's Office at some unspecified later date, they "couldn't find [her] case or the documents I

3

1 submitted to the court but indeed [she] placed them before the ninety-day statutory period." <u>Id.</u>
2 The form Plaintiff refers to appears to be the form that Plaintiff has filled in with the caption of the
3 case and the document name "Request for Appointment of Counsel." <u>See</u> Second Amended
4 Complaint, Attachment II. The envelope appears to be the same envelope submitted with Plaintiff's
5 original Complaint, addressed to the Court and stamped "Received" on the date December 11, 2006.
6 <u>See id.</u> This envelope differs, however, because it lacks the handwritten note stating that Plaintiff
7 "need[s] to file a complaint along with [Plaintiff's] request for appt of counsel." <u>See</u> Complaint.

8     The filing of a right-to-sue letter alone without also filing a complaint that meets the
9 requirements of Rule 8(a) of the Federal Rules of Civil Procedure is insufficient to commence an
10 action under ordinary circumstances. <u>See</u> <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S.
11 147, 152 (1984) (filing of a right-to-sue letter itself, without a complaint, does not commence an
12 action or toll the statute of limitations). The filing of a request for counsel also does not commence
13 an action under ordinary circumstances. <u>Cf.</u> <u>Carlile v. South Routt School District RE3-J</u>, 652 F.2d
14 981 (10th Cir. 1981) (where the plaintiff filed only a request for counsel and right-to-sue letter
15 without a complaint, appeals court applied equitable tolling because the court mistakenly informed
16 the plaintiff that an action had been "commenced"). In limited circumstances, courts have applied
17 the doctrine of equitable tolling of the statute of limitations in lieu of barring an action, provided that
18 "claimants exercise diligence in preserving their legal rights." <u>See</u> <u>Adams v. Inter-Con Sec. Sys.</u>,
19 242 F.R.D. 530 (N.D. Cal. 2007). "There are two general categories of situations warranting
20 equitable tolling: (1) where the plaintiffs actively pursued their legal remedies by filing defective
21 pleadings within the statutory period, and (2) where the defendants' misconduct induces failure to
22 meet the deadline." <u>Id.</u>, citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

23     A recent Supreme Court decision, <u>Bowles v. Russell</u>, has restricted the doctrine of equitable
24 tolling as applied to appeals from the district court to the Circuit Courts of Appeal, holding that a
25 period for filing an appeal was imposed by statute and was therefore mandatory and jurisdictional,
26 and not subject to equitable tolling. <u>Bowles v. Russell</u>, __ U.S. __, 127 S.Ct. 2360 (2007). It is not
27 clear whether the reasoning of <u>Bowles</u> extends beyond the statutory scheme there. <u>Bowles</u> does not
28 address appeals from the EEOC to the district court, and no reported case has yet applied it to such

**United States District Court**
For the Northern District of California

4

appeals. Instead, the Ninth Circuit continues to apply equitable principles to statutory time periods other than appeals to the Circuit Court. See Forester v. Chertoff, 2007 U.S. App. LEXIS 20632 (9th Cir. August 29, 2007) (following Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1242 (2006) ("time prescriptions, however emphatic, are not properly typed 'jurisdictional'")). Thus, equitable tolling may still be available on appropriate facts.

Here, it does not appear that Plaintiff believed that filing the right-to-sue letter constituted a complaint; she states in her letter that "was informed that subsequent to submitting the form accompanied by my right-to-sue letter I would be able to file my complaint ... ." See Second Amended Complaint, at 1. Moreover, the right-to-sue notice from the EEOC explicitly stated that "[f]iling a request for an attorney does not extend your time in which to file a civil action." Id., at 4. At the same time, Plaintiff's letter submitted with her "Amended Complaint" contains some allegations that could be pertinent to equitable tolling. Accordingly, the Court will permit Plaintiff one more opportunity to amend her complaint.

Therefore, Plaintiff's Amended Complaint is dismissed with leave to amend. The Second Amended Complaint shall contain a clear explanation of what Plaintiff believes Defendant did that was unlawful, who did what, and a statement of what laws Plaintiff believes were violated by Defendants' conduct. Plaintiff can find more information on what needs to be in a complaint in the Pro Se Handbook, which is available on the district court's website, http://www.cand.uscourts.gov. In addition to including allegations that form the basis for Plaintiff's claims, Plaintiff shall also provide further explanation for relevant facts that may bring Plaintiff's complaint within the statute of limitations or warrant equitable tolling, including:

    a.    Exactly what documents Plaintiff filed with the Clerk's Office on December 11, 2006;

    b.    Whether and when Plaintiff filed any other papers with the Clerk's Office, relating to this action, prior to December 11, 2006;

    c.    Whether and when Plaintiff filed any other papers with the Clerk's Office, relating to this action, between December 11, 2006 and April 20, 2007;

    d.    Whether Plaintiff was given any instructions, verbally or in writing, by the Clerk's

Office, and if so what they were;

e. When and from whom Plaintiff received the note "you need to file a complaint along with the request for appt of counsel";

f. What actions Plaintiff took to diligently pursue the case between the time she received her right-to-sue letter and the time she filed her complaint; and

g. Whether any other justifications exist for Plaintiff's failure to file a complaint before April 20, 2007.

Plaintiff shall filed her Second Amended Complaint within 30 days of the entry of this Order. The Court defers ruling on Plaintiff's application to proceed in forma pauperis at this time.

**IT IS SO ORDERED.**

Dated: September 4, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge