IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EUNICE REYES-VANEGAS, | No. C-07-02184 EDL |
| Plaintiff, | **ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| EEOC, | |
| Defendant. | |

On July 9, 2007, the Court denied without prejudice Plaintiff Maria Eunice Reyes-Vanegas's application to proceed in forma pauperis in this matter and dismissed with leave to amend Plaintiff's Complaint, affording Plaintiff the opportunity to address her apparent failure to file her claim in federal court within the ninety-day statutory deadline. See 42 U.S.C. § 2000e-5; 29 C.F.R. §§ 1614.105, 1614.407 (an action challenging the federal agency's final decision on appeal is within the subject-matter jurisdiction of the district court if a complainant files it within ninety days of receipt of the Commission's final decision on an appeal); see also Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990) (the ninety-day period constitutes a statute of limitations; and "[i]f [a] claimant fails to file within [the] 90-day period, the action is barred."). Plaintiff filed her Amended Complaint on August 6, 2007.

On September 4, 2007, the Court deferred decision on Plaintiff's renewed IFP application and again dismissed Plaintiff's Amended Complaint with leave to amend, requiring Plaintiff to provide further specific relevant facts that might bring Plaintiff's complaint within the statute of limitations or warrant equitable tolling. See Adams v. Inter-Con Sec. Sys., 242 F.R.D. 530 (N.D. Cal. 2007) ("There are two general categories of situations warranting equitable tolling: (1) where

1  the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory
2  period, and (2) where the defendants' misconduct induces failure to meet the deadline.") ( citing
3  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  On October 3, 2007, Plaintiff filed a
4  Second Amended Complaint.  The Court has reviewed Plaintiff's Second Amended Complaint and
5  now grants Plaintiff's IFP application.

6        The Court may grant a litigant the privilege of proceeding IFP only when: (1) the plaintiff
7  has demonstrated her poverty; and (2) her complaint states a claim for which relief can be granted
8  and is not frivolous or malicious.  28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2), the Court is
9  required to dismiss an in forma pauperis complaint which fails to state a claim.  See Marks v.
10 Solcum, 98 F.3d 494, 495 (9th Cir. 1996).  In employment discrimination actions brought under
11 Title VII, as here, an employee's right to file an action based on discrimination in federal court is
12 dependent on the employee's exhaustion of administrative remedies and adherence to strict filing
13 deadlines.  See Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-35 (1976).

14       In the September 4, 2007 Order, the Court stated that it was satisfied that Plaintiff had pled
15 sufficient facts to show that she exhausted her administrative remedies.  But the Court was not
16 satisfied that Plaintiff had pled sufficient facts to show her compliance with the strict filing
17 deadlines.  Accordingly, in her Second Amended Complaint, with respect to equitable tolling,
18 Plaintiff alleges that in November 2006, Plaintiff's daughter came to the clerk's office to ask for "a
19 form to appoint an attorney and for the Courts to review my case."  Plaintiff's daughter was
20 "informed that no forms were needed to be filled out except for the request for the appointment of
21 council [sic]."  Plaintiff alleges that: "[t]he clerk indicated that I would receive a correspondence by
22 the courts indicating what steps I needed to take to proceed with my case."  Plaintiff alleges that on
23 December 11, 2006, she filed a right-to-sue letter and a request for appointment of counsel.  Plaintiff
24 further alleges that she mailed her employment discrimination complaint on or about December 22,
25 2006, after receiving a handwritten note from the clerk's office on or about December 15, 2006
26 stating that she needed to file a complaint.  Having heard nothing from the Court, Plaintiff visited
27 the clerk's office in April 2007 to determine the status of her case and was told that her file could
28 not be found.  Plaintiff them re-submitted her complaint and IFP application on April 20, 2007.

2

1  Plaintiff alleges that between the time she received her right-to-sue letter on September 11, 2006 and
2  the time she filed her complaint, she was looking for counsel, and that before the ninety-day time
3  limit expired, she sought counsel from the court.  Construing Plaintiff's pro se complaint liberally,
4  the Court is satisfied that, for purposes of 28 U.S.C. § 1915(e)(2) only, Plaintiff has stated sufficient
5  facts regarding equitable tolling of the ninety-day statutory filing deadline.  The Court makes no
6  ruling on the merits with respect to timeliness or equitable tolling.
7        Accordingly, Plaintiff's IFP application is granted.
8  **IT IS SO ORDERED.**
9  Dated: October 23, 2007          _/s/ Elizabeth D. Laporte_
10                                      ELIZABETH D. LAPORTE
                                       United States Magistrate Judge