IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EUNICE REYES-VANEGAS,<br><br>            Plaintiff,<br><br>    v.<br><br>EEOC,<br><br>            Defendant.                             / | No. C-07-02184 EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On April 20, 2007, Plaintiff filed this employment discrimination case against her former employer, the Equal Employment Opportunity Commission. Plaintiff is proceeding pro se. On May 13, 2008, Defendant moved to dismiss, arguing that the Court lacks subject matter jurisdiction because Plaintiff failed to timely file her complaint after receiving a right-to-sue notice from the EEOC. This matter was fully briefed. On June 17, 2008, the Court held a hearing on Defendants' Motion. On June 23, 2008, the Court received from Plaintiff a "Response to Defendant's Reply Memorandum." For the reasons stated at the hearing and in this Order, the Court grants Defendants' Motion to Dismiss.

**FACTS**

Plaintiff, a former Investigative Support Assistant in the San Francisco District Office of the U.S. Equal Employment Opportunity Commission filed formal administrative complaints of discrimination on or about February 2, 2001 and March 11, 2002. See Declaration of Ellen M. FitzGerald in Support of Defendant's Motion to Dismiss Ex. A, Att. 1. An Administrative Judge issued a finding of no discrimination and on September 11, 2006, the EEOC informed Plaintiff of her right to sue and the requirement that she file a federal complaint within ninety days, or by

December 11, 2006. Id.

In mid-November, 2006, Plaintiff's daughter visited the Clerk's Office of this court and presented Plaintiff's right-to-sue letter in order to file her complaint and request for counsel. See Response to Mot. to Dismiss at 6 (Gabriela Del Carmen Vanegas Declaration). The Clerk handed her a form to complete for Request for Appointment of Counsel. See FitzGerald Decl. Ex.A, Att. 2. According to Plaintiff's daughter, "[a]nother clerk read the EEOC decision (RNST) and informed me that no form was needed and all I needed to submit was the form requesting the appointment of counsel. From there on out, my mom would then be able to proceed with her case when the Court would notify her via mail." Response to Mot. to Dismiss at 6 (Vanegas Declaration).

On December 11, 2006, the day Plaintiff's complaint was due, Plaintiff went to the courthouse and submitted her right-to-sue letter with a request for appointment of counsel. See FitzGerald Declaration Ex A. On or about December 15, 2006, Plaintiff received by mail from the Clerk's Office a form employment discrimination complaint and an application to proceed in forma pauperis, along with a note reminding her that she needed to "file a complaint along with the request for appointment of counsel." Id. Ex. A, Att. 3. The Clerk's Office returned the Request for Appointment of Counsel that her daughter had left to be filed in mid-November. See Response to Mot. to Dismiss at 2.

On or about December 22, 2006, Plaintiff mailed a document entitled "Employment Discrimination Complaint" and an application to proceed in forma pauperis to the Clerk's Office. Id. Ex. A, Att. 4. Plaintiff failed to complete the caption section of the complaint or to record the case number on it.

In February, 2007, Plaintiff visited the Clerk's Office to inquire about her case and was informed there had been no recent updates. See Response to Mot. to Dismiss at 2. On or about April 10, 2007, Plaintiff visited the Clerk's Office and was informed that her file could not be found. Id. On April 20, 2007, Plaintiff filed a properly completed employment discrimination complaint and an application to proceed in forma pauperis.

**LEGAL STANDARD**

Plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v.

1  Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A motion to dismiss for lack of subject
2  matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)  may either attack the
3  allegations of the complaint (a "facial attack"), or it may be made as a "speaking motion" attacking
4  the existence of subject matter jurisdiction in fact (a "factual attack").  See Thornhill Publishing Co.
5  v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  In a facial attack, the court must
6  consider the allegations of the complaint as true.  In a factual attack, if the defendant challenges the
7  plaintiff's allegations of jurisdiction using extrinsic evidence, the burden is then on the plaintiff to
8  prove as a matter of fact that the bases for jurisdiction exist.  Id. (citing Mortensen v. First Fed. Sav.
9  and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

**DISCUSSION**

Title VII requires a plaintiff to file her lawsuit in state or federal court within ninety days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1).  Procedural requirements such as the ninety-day filing deadline are to be strictly enforced.  Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed two days after expiration of the statute of limitations). Accordingly, when a Title VII claimant fails to file a complaint in federal court within the ninety-day period, the action is barred.  Id. at 267.

Here, because Plaintiff did not file her complaint until April 20, 2007, she did not meet the statutory deadline.  At the hearing, Plaintiff argued that she believed that she fulfilled the requirements of Title VII by filing her right-to-sue notice and a request for appointment of counsel. The United States Supreme Court has held, however, that filing of these documents alone is not sufficient.  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984) (holding that the plaintiff's timely mailing of her right-to-sue letter and a request for appointment of counsel did not commence a civil action).  Moreover, the right-to-sue notice provided to Plaintiff states:  "both the request [for counsel] and the civil action must be filed within the time limits."  FitzGerald Decl. Ex. A, Att 1.

The ninety-day filing requirement is not jurisdictional, but rather is subject to equitable tolling.  Baldwin, 466 U.S. at 152; Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982);

Valenzuela v. Kraft, 801 F.2d 1170, 1173 (9th Cir 1986).  Equitable tolling has been granted in cases where the court has led plaintiff to believe that she had done everything required of her, where the plaintiff misunderstood various aspects of the complex legal scheme applicable to discrimination cases, or where complainant was misled by a court order.  Baldwin at 151; see also Carlile v. South Routt School District, 652 F.2d 981, 986 (10th Cir. 1981) (granting equitable tolling for a plaintiff who had relied on a District Court order declaring that her case be considered commenced as of a certain date); Peterson v. California Dept. Of Corrections, 2006 WL 3349519, at *8 (E.D. Cal. Nov. 16, 2006) (tolling the ninety-day requirement where the plaintiff was led to believe through written instructions that he had to file a case before the State Personnel Board as a prerequisite to suit even though he failed to reconcile his misunderstanding with explicit instruction in the EEOC letter).  Generally, equitable tolling is reserved for situations in which a claimant has made a good faith error, and is not applied where a claimant is aware of the filing requirements yet fails to file a timely complaint due entirely to a lack of diligence.  Ann K. Wooster, Tolling of Time Period for Bringing Title VII Action Under §706 of Civil Rights Act of 1964, 21 A.L.R. Fed. 2d 65 (2007).

Here, the application of equitable tolling is not appropriate.  Taken as a whole, Plaintiff's actions show that she failed to exercise due diligence in filing her complaint.  Plaintiff herself states that she was well aware of the ninety-day period to file her complaint; her former job at the EEOC was to inform complainants of this requirement.  Even so, after a lengthy administrative process, Plaintiff waited approximately two months to send her daughter to the Court's Clerk's Office to obtain information on Plaintiff's behalf.  While Plaintiff's daughter states that she was told only a form requesting appointment of counsel was necessary, the right-to-sue letter clearly states the contrary.  Moreover, Plaintiff was not diligent thereafter.

On December 11, 2006, the last day for Plaintiff to file her complaint within the ninety-day period, Plaintiff for the first time appeared in person at the Clerk's Office to submit her right-to-sue letter with request for appointment of counsel, but she did not include a complaint.  Plaintiff stated in her June 23, 2008 filing that she did not attempt to file her case until near the close of the ninety-day period because she was trying to find counsel.  Instead of communicating in any way with the Court promptly after the December 11, 2006 deadline, even though she knew that the ninety-day

4

1  deadline had passed and she had received her documents back from the Clerk's Office with a note
2  reminding her to file a complaint, Plaintiff waited yet another week before mailing an untimely,
3  incomplete complaint that lacked a caption and case number. At the hearing, Plaintiff explained that
4  she was not paying attention when she completed this complaint so she did not include the caption.
5  She also stated in her opposition that she did not understand the format of the complaint and had no
6  experience writing complaints.

7  Plaintiff states in her June 23, 2008 Response that her disability "at times hinders her focus"
8  in properly completing her paperwork and attached 2002 and 2003 psychiatric reports diagnosing
9  major depression, moderate severity, and pain disorder. However, the records date from more than
10 three years prior to her filing deadline and do not demonstrate that her disability was so severe that it
11 prevented her from comprehending her legal rights and acting on them. Compare Stoll v. Runyon,
12 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that a plaintiff's overwhelming evidence that she was
13 "completely psychiatrically disabled," including multiple suicide attempts due to defendant's "own
14 admittedly outrageous acts," including rape, constituted an extraordinary circumstance beyond the
15 plaintiff's control that rendered her unable to understand or act on her legal rights and warranted
16 application of equitable tolling), with Elshirbiny v. Hewlett Packard Co., 2001 WL 590034, *4
17 (N.D. Cal. May 24, 2001) (denying application of equitable tolling where the plaintiff failed to offer
18 evidence that "her asserted medical problems significantly impaired her ability to function or to
19 communicate.") (citing Helton v. Clements, 832 F.2d 332, 336 (5th Cir. 1987) (holding plaintiff not
20 entitled to equitable tolling based on psychological depression where plaintiff failed to offer
21 evidence depression rendered him unable to manage affairs or comprehend his legal rights, only that
22 depression "distracted him from pursuing his cause of action.")).

23 Rather than follow up with the Clerk's Office in a timely manner, especially given that she
24 had been informed of insufficiencies in her prior filings, two months passed before Plaintiff visited
25 the Clerk's Office in February, 2007 to inquire about her case. Again, instead of following up soon
26 thereafter, Plaintiff did not visit or otherwise communicate with the Court until April 10, 2007, when
27 she visited the Clerk's Office and was informed that her file could not be found (presumably due to
28 the lack of a caption on her earlier untimely attempt to file a complaint). Even then she waited ten

5

days after that visit to file her complaint. See Beutler v. Potter, 2007 WL 2990360, at *4 (N.D. Cal. Oct. 11, 2007) (denying equitable tolling where plaintiff waited six months before inquiring about his claim for which he had received no response because "a reasonably diligent pro se litigant unfamiliar with the court's filing procedures would have followed up by attempting to contact the Court"). Plaintiff's actions, taken together and in light of her administrative knowledge of the complaint process, reflect that she was not diligent in pursuing her claim.

**CONCLUSION**

Accordingly, because Plaintiff did not file her complaint within the ninety-day deadline and there is no basis to apply equitable tolling, Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

Dated: July 3, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge